FILED
CLERK, U.S. DISTRICT COURT
10/22/25
CENTRAL DISTRICT OF CALIFORNIA
BY: MRV DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>OSWALDO ERNESTO HERRERA GARCIA,<br>aka “Oswaldo H. Garcia,”<br>aka “Oswaldo E. Herrera,”<br>Defendant. | CR 2:25-cr-00867-SRM<br>I N D I C T M E N T<br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SEVEN

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendant OSWALDO ERNESTO HERRERA GARCIA, also known as “Oswaldo H. Garcia” and “Oswaldo E. Herrera,” was a resident of San Bernardino and Los Angeles Counties, within the Central District of California.

2. Company-1 was a manufacturing company with locations in Los Angeles County, within the Central District of California, and the State of Florida.

3. Defendant HERRERA GARCIA was an employee of Company-1 at its location in Los Angeles County.

4. Defendant HERRERA GARCIA was the registered owner of the fictious business name NA XPRESS.

5. Bank of America Merchant Services was a payment processing company. Any transactions on accounts with Bank of America Merchant Services were processed on servers located outside of the State of California.

6. Defendant HERRERA GARCIA, doing business as NA XPRESS, controlled a Bank of America Merchant Services merchant processing account (the “NA XPRESS Account”).

7. The CEO of Company-1, K.C., had credit cards in his name that were used for Company-1’s corporate expenses (the “Company-1 Credit Cards”), including one issued by Chase Bank (the “Company-1 Chase Credit Card”). Company-1’s policy permitted only Company-1 expenses to be charged to the IMPAK Credit Cards; Company-1 employees were permitted to use the Company-1 Credit Cards for business purposes but could not use the Company-1 Credit Cards to fund personal expenses.

B. <u>THE SCHEME TO DEFRAUD</u>

8. Beginning in or about June 2014, and continuing until at least in or about December 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant HERRERA GARCIA, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Company-1 as to material

matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

9. The scheme to defraud operated, in substance, as follows:

a. Defendant HERRERA GARCIA created a fictious business name, NA XPRESS, and obtained a merchant processing account at Bank of America Merchant Services: the NA XPRESS Account.

b. Defendant HERRERA GARCIA used and caused to be used the IMPAK Credit Cards, including the Company-1 Chase Credit Card, to make payments to the NA XPRESS Merchant Account.

c. Defendant HERRERA GARCIA falsely informed the Company-1 employee responsible for approving transactions made on the Company-1 Credit Cards that NA XPRESS was a freight company that provided services to Company-1 when, in fact, as defendant HERRERA GARCIA knew at the time of the transactions, NA XPRESS was a shell company and did not provide any services to Company-1.

d. In order to conceal the scheme, defendant HERRERA GARCIA caused false documentation and emails to be sent to Company-1 purportedly from NA XPRESS employees to justify payments by Company-1 to the NA XPRESS Account based on charges defendant HERRERA GARCIA made and caused to be made using the Company-1 Credit Cards.

e. Defendant HERRERA GARCIA then caused funds from the NA XPRESS Merchant Account, which had been fraudulently obtained from Company-1, to be processed and deposited into other bank accounts controlled by defendant HERRERA GARCIA.

10. In total, through his scheme, defendant HERRERA GARCIA caused Company-1 to transfer to him approximately $2,339,037.78 comprising approximately 1,526 separate payments to the NA XPRESS

Account, all of which funds were subsequently used by defendant HERRERA GARCIA for personal expenses unrelated to Company-1's business, including car payments, food delivery services, video games, phone payments, and credit card bills.

C. USE OF INTERSTATE WIRES

11. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant HERRERA GARCIA, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | 09/21/2021 | An electronic payment of approximately $3,645.17 from the Company-1 Chase Credit Card to the NA Xpress Merchant Account. |
| TWO | 09/29/2021 | An electronic payment of approximately $3,461.87 from the Company-1 Chase Credit Card to the NA Xpress Merchant Account. |
| THREE | 09/29/2021 | An electronic payment of approximately $2,860.18 from the Company-1 Chase Credit Card to the NA Xpress Merchant Account. |
| FOUR | 10/08/2021 | An electronic payment of approximately $2,781.20 from the Company-1 Chase Credit Card to the NA Xpress Merchant Account. |
| FIVE | 10/08/2021 | An electronic payment of approximately $3,260.59 from the Company-1 Chase Credit Card to the NA Xpress Merchant Account. |
| SIX | 10/29/2021 | An electronic payment of approximately $1,258.71 from the Company-1 Chase Credit Card to the NA Xpress Merchant Account. |
| SEVEN | 10/29/2021 | An electronic payment of approximately $3,794.61 from the Company-1 Chase Credit Card to the NA Xpress Merchant Account. |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

//

//

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Chief, Major Frauds Section

KEVIN REIDY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ELIZABETH S.P. DOUGLAS
Assistant United States Attorney
Major Frauds Section